# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| WATERLOO AFFORDABLE HOUSING, LLC and CENTRAL STATES PROPERTY MANAGEMENT, LLC. <br><br> Plaintiffs, <br><br> vs. <br><br> LEUMAS RESIDENTIAL, LLC, <br><br> Defendant. | No. C24-2057-LTS-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 7) to remand to state court filed by plaintiffs Waterloo Affordable Housing, LLC (WAH), and Central States Property Management, LLC (CSPM). Defendant Leumas Residential, LLC (Leumas), has filed a resistance (Doc. 10) and plaintiffs have filed a reply (Doc. 11). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On May 2, 2024, plaintiffs filed this action in the Iowa District Court for Black Hawk County, alleging claims of trespass, waste and tortious interference with contract. On May 31, 2024, they filed an amended petition (Doc. 2) adding a claim for declaratory judgment and adding a paragraph estimating their current damages to be at or near $20,000. On November 1, 2024, Leumas filed a notice (Doc. 1) of removal based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. With regard to the amount in controversy, Leumas notes that it attempted to discover the total amount of actual damages plaintiffs claim in this matter, but plaintiffs refused to provide an amount outside

of what was alleged in their petition. In its notice of removal, Leumas relied on the actual damages alleged in plaintiffs' amended petition (presuming they had increased since May 31, 2024) as well as the fact that plaintiffs sought attorney fees and expenses and punitive damages. *See* Doc. 1 at 2-5. Leumas argues that the total amount in controversy exceeds $75,000.

### III.  ANALYSIS

Plaintiffs move to remand, arguing (1) Leumas has failed to establish the existence of diversity jurisdiction by showing there is more than $75,000 in dispute and (2) Leumas' notice of removal was untimely. I will address the timeliness issue first.

#### A.  *Timeliness of Notice of Removal*

The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Plaintiffs argue that their May 31, 2024, amended petition alleged the citizenship of each of the respective parties such that Leumas has been on notice of the possibility of diversity jurisdiction since at least June 4, 2024 – the date Leumas accepted service of the amended petition. Plaintiffs acknowledge that an LLC's citizenship is that of its members,[1] but state that information of plaintiffs' membership has been public through the Nebraska Secretary of State's website since before June 4, 2024. Because Leumas filed its notice of removal on November 1, 2024, well after the

---

[1] The amended petition (Doc. 2) stated that each plaintiff was a "foreign limited liability company with a home office located in Omaha, Nebraska." Doc. 2 at 1, ¶¶ 1, 2.

30 days provided in section 1446(b), plaintiffs argue the removal was untimely and the case should be remanded.

Leumas argues that information of plaintiffs' members was not provided to Leumas until October 4, 2024, when plaintiffs served their discovery responses identifying plaintiffs' members' citizenship as Nebraska. Because Leumas filed its notice of removal on November 1, 2024, it argues it complied with the 30-day requirement. Leumas asserts that before October 4, 2024, it knew only that the plaintiff LLCs were organized under the laws of Nebraska. It contends that the public availability of the articles of incorporation does little to put it on notice that all current members of plaintiffs are diverse from Leumas. *See* Doc. 1 at 9 (noting that plaintiffs' exhibits establish that WAH was organized in 2005 and CSPM in 2007 and that each provides that members have the right to admit additional members). Because members may have relocated, or new members may have been added, since the organizations were formed, Leumas argues there was not a good faith basis for removal until it was able to ascertain the current membership of plaintiffs via discovery. Leumas adds that it attempted to contact plaintiffs' attorneys in June 2024, asking plaintiffs to disclose their members' citizenship, but that communication went unanswered. *See* Doc. 10 at 9-10 (citing Doc. 10-1 at 14-17). Leumas then propounded its interrogatories and requests for admissions on August 19, 2024, and September 4, 2024, respectively, which were answered on October 4, 2024.

Based on the information before me, I find that the notice of removal was timely. While Leumas may have been on notice there was the potential for removal based on diversity jurisdiction as of June 4, 2024, it did not have complete information until it received plaintiffs' discovery responses on October 4, 2024. I agree with Leumas that any public information concerning plaintiffs' membership was not enough to start the clock given the dates when plaintiffs were organized, the potential for adding new members and plaintiffs' failure to provide their members' citizenship when asked directly by defendants. Indeed, had Leumas filed a notice of removal before October 4, 2024, it

3

would have risked the imposition of sanctions for improvident removal. *See* 28 U.S.C. § 1447(c). Because Leumas filed its notice within 30 days from which it learned of the citizenship of each of plaintiffs' members via their discovery responses, I find that its notice of removal was timely. Plaintiffs' motion to remand on this basis is denied.

## B.  *Amount in Controversy*

Plaintiffs argue Leumas cannot meet its burden to show that the amount in controversy exceeds the jurisdictional amount. They note that their actual known damages at the time the amended petition was filed was only $20,000 and Leumas has not offered any evidence or argument to show that that the total amount in controversy exceeds $75,000. Moreover, plaintiffs have submitted a declaration (Doc. 7-2) stating that as of November 1, 2024, the total value of their affirmative claims, request for attorneys' fees and punitive damages is less than $75,000.

Leumas states that plaintiffs declined to provide a specific amount of total damages sought when asked in discovery. In their initial disclosures, plaintiffs stated that "full damages are unknown at this time" and in an interrogatory requesting the specific amount sought for each element of damages stated "Plaintiffs' damages are unknown at this time, as discovery is ongoing." Docs. 10-1 at 2, 10. Leumas argues that when considering plaintiffs' claims of attorney fees and punitive damages in addition to plaintiffs' actual damages, the total amount in controversy exceeds $75,000.

A federal district court has original jurisdiction when (1) the amount in controversy exceeds $75,000 and (2) there is diversity of citizenship between parties. 28 U.S.C. § 1332. A defendant may remove a case from state court to federal court under 28 U.S.C. § 1441 when the above two requirements are met. Here, the parties do not dispute that the diversity of citizenship requirement is met but they dispute whether the amount in controversy exceeds $75,000.

The amount in controversy is determined at the time of removal. *See Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). Under

4

Iowa law, "a pleading shall not state the specific amount of money damages sought but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy" except in small claims and cases involving only liquidated damages. Iowa R. Civ. P. 1.403(1) (2024). Where "the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson v. Fitness Resource Grp., Inc.*, No. 4:12CV986, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012).

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). To meet this burden, the proponent must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22, 2014 WL 3341121, at *2 (E.D. Mo. July 8, 2014); 28 U.S.C. §1446(c)(2)(B). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is appropriate only if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. "To meet this 'legal certainty' standard, the plaintiff must show that the jurisdictional amount could not be recovered 'as a matter of law' or that 'no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents.'" *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Central Iowa Power Co-op v. Midwest Ind. Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Leumas relies on plaintiffs' claims of attorney fees and punitive damages in addition to actual damages to establish the amount in controversy. Plaintiffs have alleged they incurred $9,365.75 in attorney fees as of May 31, 2024. If the case continues to trial, Leumas argues these fees will likely increase by several multiples. With regard to punitive damages, Leumas notes that such damages are recoverable under Iowa law on plaintiffs' tortious interference with contract claim. *See Jones v. Lake Park Care Center*,

5

569 N.W.2d 369, 378 (Iowa 1997). It argues that because such damages are available under the claims presented, Leumas and this court cannot say "it is clear beyond a legal certainty that the plaintiff[s] would under no circumstances be entitled to recover" more than $75,000.[2] Doc. 10 at 7 (quoting *Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1102 (S.D. Iowa 2010)). Additionally, it cites cases in which punitive damages awards over $50,000 were affirmed for tortious interference with contract claims. *See* Doc. 10 at 7-8.

Plaintiffs argue their claims for attorney fees and punitive damages do not push the amount in controversy over the $75,000 threshold. With regard to attorney fees, they argue that I may consider only fees accrued as of May 31, 2024. *See Great America Leasing Corp. v. Rohr-Tippe Motore, Inc.*, 387 F. Supp. 2d 1992 (N.D. Iowa 2005) ("The court agrees with [Plaintiff] and holds that to determine the amount in controversy under 28 U.S.C. § 1332, the court should only count the attorney fees and interest accrued at the time the lawsuit was filed in state court."). Plaintiffs have also submitted a declaration of their attorney stating that as of November 1, 2024, the total value of their affirmative claims, request for attorney fees and request for punitive damages is less than $75,000. *See* Doc. 7-2. They note Leumas has completely failed to address this declaration or case law providing that a post-removal stipulation as to the amount in controversy can destroy the court's subject matter jurisdiction.

Beginning with plaintiffs' attorney's declaration, a plaintiff "may not merely amend his complaint after removal to claim damages below the jurisdictional amount and deprive the federal court of jurisdiction." *Thatcher v. Hanover Ins. Group, Inc.* 659

---

[2] This distorts the standard. It is Leumas, the party seeking removal, that must prove by a preponderance of the evidence that the amount in controversy is met. If it does so, then remand is appropriate only if plaintiff can establish to a legal certainty that the amount in controversy is less than $75,000. *See Bell*, 557 F.3d at 956 ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.").

F.3d 1212, 1214 (8th Cir. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). However, courts have considered post-removal stipulations to the extent they clarify rather than amend the original pleading. *See Jackson*, 2012 WL 2873668, at *2-3 (concluding a sworn affidavit in which plaintiff stipulated that his damages would not exceed $75,000 was sufficient to warrant remand); *Dydra v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 949 (D. Minn. 1999) ("A post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal."). *See also Halsne v. Liberty Mut. Grp.*, 40 F. Supp.2d 1087, 1090 (N.D. Iowa 1999) (noting that *St. Paul Mercury Indemnity Co.*, has "consistently been applied to cases in which *the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount*, and therefore, removal jurisdiction had already *attached*.") (emphasis in original).

Here, plaintiffs' amended petition is indefinite as to the amount in controversy. Plaintiffs estimated their current damages to be at or around $20,000 and included claims for attorney fees and punitive damages. *See* Doc. 2. The declaration of plaintiffs' attorney states:

> The Amended Petition stated that as of the date of filing, CSPM and WAH had incurred about $20,000.00 in damages because of Leumas' conduct. As of November 1, 2024, the total value of CSPM and WAH's affirmative claims, request for attorneys' fees, and request for punitive damages did not exceed $75,000.00.

Doc. 7-2 at ¶ 6. This declaration is insufficient to establish *to a legal certainty* that the amount in controversy is less than $75,000 because it is not a binding stipulation limiting the amount plaintiffs will accept to under $75,000. *See, e.g.*, *Allied Prop. and Cas., Ins. Co. v. Stevens*, 4:15-cv-00426, 2015 WL 12791430, at *3 (W.D. Mo. Sept. 18, 2015) (noting irrevocable stipulations are sufficient for the court to find a "legal certainty" exists); *McGuire v. J.B. Hunt Transport, Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that

7

[plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs."); *Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1089-90 (N.D. Iowa 1999) (accepting binding stipulation that any recovery would be limited to less than $75,000 as basis for remand). Because plaintiffs' attorney's declaration does not establish to a legal certainty that the amount in controversy is less than $75,0000, I will analyze whether Leumas has established by a preponderance of the evidence that attorney fees and punitive damages may bring the amount in controversy over the $75,000 threshold.

With regard to attorney fees, only statutory attorney fees or fees provided by contract may count toward the jurisdictional minimum for diversity jurisdiction. *Id.* Here, plaintiffs have alleged common law torts of trespass, waste and tortious interference with contract. "Iowa follows the American rule: 'the losing litigant does not normally pay the victor's attorney's fees.'" *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012). There is, however, an exception to the rule that attorney fees are typically recoverable only by statute or under contract and that is when the defendant "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Miller v. Rohling*, 720 N.W.2d 562, 573 (Iowa 2006)). *See Hockenburg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines*, 510 N.W.2d 153, 159-60 (Iowa 1993) ("a plaintiff seeking common law attorney fees must prove that the culpability of the defendant's conduct exceeds the 'willful and wanton disregard for the rights of another'; such conduct must rise to the level of oppression or connivance to harass or injure another."). With regard to their tortious interference claim, plaintiffs allege that Leumas' actions "were done willfully and in wanton disregard for, and directed at Plaintiffs, justifying an award of punitive damages." Doc. 2 at 5. Based on *Hockenburg*, they would need to prove conduct that exceeds willful and wanton disregard for plaintiffs – an

8

extremely high standard. Thus, it is unclear (at best) if plaintiffs will have any realistic entitlement to an award of attorney fees.

Even if the recovery of attorney fees is more than a remote possibility, there is an issue of what amount of attorney fees may be considered towards the amount in controversy requirement. Typically, the amount in controversy is measured at the time the case began or at the time of removal. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced, or, more pertinent to this case, at the time of removal."). Leumas is incorrect that the Eighth Circuit has recognized that future fees may be considered, at least in determining whether there is diversity jurisdiction. The case it cites, *Voice of Christ Ministries v. Bhd. Mut. Ins. Co.*, No. 3:22-cv-00061, 2023 WL 9059670, at *4 (S.D. Iowa Nov. 1, 2023), relies on *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018), and *Reinbold v. AGCO Corp.*, 4:21-CV-1154, 2021 WL 6062506, at *4 (E.D. Mo. Dec. 22, 2021). *Faltermeier* concerned a case under the Class Action Fairness Act (CAFA) and relied on reasoning from *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013), that "absent and unbound class members might later enlarge the scope of recovery beyond the stipulated amounts." *Faltermeier*, 899 F.3d at 621. It applied this same reasoning to a stipulation limiting attorney fees and concluded the plaintiff could not rely on such a stipulation in order to defeat CAFA jurisdiction. *Id.*

In *Reinbold*, the court concluded the "Eighth Circuit has provided clear guidance as to whether future attorneys' fees should be included in the amount-in-controversy calculation." *Reinbold*, 2021 WL 6062506, at *4. *Reinbold* relied on *Faltermeier* and concluded that "potential" attorneys' fees could exceed the $5,000,000 threshold required by CAFA. *Reinbold*, 2021 WL 6062506, at *2. Because these cases relied on the unique circumstances of CAFA in which the number of class members, and thus, potential recovery and attorney fees may change throughout litigation, they are neither controlling

9

nor persuasive with respect to whether future attorney fees may be considered towards the amount in controversy for diversity jurisdiction.

This court has previously concluded that it should count only attorney fees and interest accrued at the time the lawsuit was filed in state court. *See GreatAmerica Leasing Corp.*, 387 F. Supp. 2d at 996. I agree with the reasoning expressed in that case in the absence of any further guidance from the Eighth Circuit on this issue. While the Fifth and Tenth Circuits have held that reasonably recoverable future attorney fees may be included towards the amount in controversy, that appears to be a minority position and is also supported by little reasoning. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998).[3] Because plaintiffs have not pleaded the necessary standard of conduct to justify an award of attorney fees, I am hesitant to include any attorney fees in determining whether the amount in controversy is met. Even assuming they would be able to prove such conduct, the amount of fees for purposes of determining the amount in controversy at the time of removal would be limited to $9,365.75 – the amount plaintiffs have alleged was incurred as of May 31, 2024. Based on the alleged actual damages and these attorney fees, the amount in controversy (at best) would be $29,365.75.

Leumas argues that plaintiffs' claim of punitive damages takes the amount in controversy over the $75,000 threshold. Punitive damages may be used to establish the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). Punitive damages are allowed under Iowa law for a claim of tortious interference with contract. *See Jones*, 569 N.W.2d at 378 (citing *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 404 (Iowa 1982)). Plaintiffs must prove Leumas acted in "willful or reckless disregard for the rights of another." *Id*. When

---

[3] The Southern District of Iowa has cited *Miera* and taken future attorney fees into account in determining the amount in controversy. *See Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1104-08 (S.D. Iowa 2010).

considering punitive damages towards the amount in controversy the "existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC*, 48 F.3d at 348 (quoting *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir. 1994)). When determining the amount in controversy, "a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Larkin*, 41 F.3d at 389 (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034, n.1 (2d Cir. 1972), *aff'd*, 414 U.S. 291 (1973)).

Aside from the availability of punitive damages, Leumas relies on cases in which punitive damages ranging from $50,000 to $1.4 million were awarded in cases involving claims of tortious interference with contract. *See* Doc. 10 at 7. Plaintiffs argue that any punitive damages awarded in this case, involving a property management contract for a 101-unit low-income housing complex, would not be a windfall and would not exceed a lower five figure amount. Doc. 11 at 2. While I appreciate the difficult position Leumas faces by having to prove that plaintiffs' punitive damages claim may exceed at least $45,000 (in addition to plaintiffs' claim of actual damages ($20,000) and possibly attorney fees ($9,365.75)), Leumas has not met its burden. The only proof it has offered is (1) such damages are allowed based on plaintiffs' tortious interference with contract claim and (2) cases in which punitive damages awards of over $50,000 have been approved in cases involving that same cause of action. The cases it cites are not factually analogous and fall short of the competent proof needed to demonstrate the punitive damages at issue in this case would more likely than not push the amount in controversy over $75,000. *See Wiemers v. Good Samaritan Society*, 212 F. Supp. 2d 1042, 1047 (N.D. Iowa 2002) (noting that where punitive damages are allowed as a matter of law but the complaint does not allege a specific amount of punitive damages being sought, the test is "whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount of $75,000").

For instance, in *Jones* the court affirmed compensatory damages in the amount of $320,064 and punitive damages in the amount of $50,000 involving an employment

11

dispute. *Jones*, 569 N.W.2d at 372. In *Revere Transducers, Inc. v. Deere & Co.*, 595 N.W.2d 751, 759 (Iowa 1999), the court affirmed a $1,000,000 judgment, which included $450,000 in punitive damages and $550,000 in compensatory damages in a case involving claims of tortious interference with contractual relations, misappropriation of trade secrets and civil conspiracy. In *Lakin v. Richards Farm Ltd.*, No. 13-1634, 862 N.W.2d 414, 2015 WL 405897, at *3 (Iowa Ct. App. 2015), the court affirmed a punitive damages award of $1.4 million where actual damages were $353,465, noting that the jury was instructed it could take Lakin's financial condition or ability to pay into consideration, which was approximately $150 million at the time of trial.

While courts have recognized that a defendant may satisfy its burden of demonstrating the amount in controversy by proffering jury verdicts, the cases should be factually analogous. *See Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542, 2009 WL 481618, at *6 (C.D. Cal. Feb. 23, 2009) (citing cases in which defendants failed to show that the cited cases have analogous facts to the action at issue). Leumas relies strictly on speculation that plaintiffs' claim for punitive damages will carry the amount in controversy over the $75,000 threshold. Because the majority of the alleged amount in controversy comes down to punitive damages, more than a few unrelated jury verdicts is required to demonstrate that this court has subject matter jurisdiction. This is particularly true in light of (1) the uncertainty of plaintiffs' ability to recover attorney fees and (2) the directive that all doubts must be resolved in favor of remand. As such, I find that Leumas has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy requirement is met and, thus, that this court has jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, plaintiffs' motion (Doc. 7) to remand is **granted** and this case is hereby **remanded** to the Iowa District Court for Black Hawk County where it originated.

**IT IS SO ORDERED** this 4th day of February, 2025.

_____
Leonard T. Strand
United States District Judge